BEN SCHWEITZER et al.

*v.*

PHILIP SCHNEIDER et al.

---

JACOB ITZKOWITZ et al.

*v.*

HYMAN DIRECTOR et al.

[Decided February 15th, 1916.]

Where the delegates of two local labor unions to a national convention of the international union of which both locals were members, such convention having split into two conventions, each of which elected a full set of general officers, recognized one set of officers, and thereafter the locals sent delegates to another convention, held by the various locals which had recognized such officers in conjunction with another national labor union, a relatively small percentage of the membership of the locals ratifying the decision of the convention to consolidate with such other national union, such minorities were not entitled to the funds of the original organizations.

---

*Messrs. Hudspeth & Rysdyk,* for the complainants.

*Messrs. McDermott & Enright,* for the defendants.

LEWIS, V. C.

The complainant seeks an injunction restraining the defendant from withdrawing certain funds from the Union Trust Company of Jersey City. The funds in question belong to Pressers' Branch, Local Union No. 2, and Basters' and Tailors' Branch of the United Brotherhood of Tailors, Local Union No. 2.

The facts in the case were agreed upon and were practically identical in the two above named actions. The defendants in

the first action were officers and trustees of a voluntary incorporated association, known as the Pressers' Branch No. 3, which is a labor union composed of persons employed in the clothing manufacturing industry of the city of New York. The defendants in the second action were officers and trustees of a voluntary unincorporated association, known as Basters' and Tailors' Branch of the United Brotherhood of Tailors, Local Union No. 2, likewise a labor union, composed of persons employed in the clothing manufacturing industry of the city of New York. Both these organizations were affiliated with the United Garment Workers of America, which was also a voluntary unincorporated association and an international labor union of employes in the clothing manufacturing industry. The two associations are local unions of which the defendants in these two actions were respectively officers and trustees, and were organized prior to the organization of the United Garment Workers of America, aforesaid. These two local associations each collected from each of its members the sum of sixty cents dues per month, together with initiation fees, assessments levied and fines imposed by it, and out of the funds so accumulated, each of the said local unions paid to the United Garment Workers of America, the international union, initiation fees and *per capita* taxes, and the balance of said funds, after the payment of the expenses of the respective local unions in question, were deposited by the said local union in various banks, and the moneys for the recovery of which these actions are brought constituted such funds of the said respective local unions accumulated in such manner.

The United Garment Workers of America here referred to had a constitution and by-laws which were offered in evidence in this action. This constitution provided for the holding of bi-annual conventions for the election of officers, and pursuant thereto, a convention was called for October 12th, 1914, at Nashville, Tennessee. Each of the local unions, whose officers are defendants in these two actions, sent delegates to the convention. At the convention a dispute arose between the delegates, and the convention split into two separate conventions, each of which elected a full set of general officers, one set of officers being

headed by Sidney Hillman, as general president, and the other by Thomas A. Rickert, as general president. The delegates representing the two local unions recognized the election of the general officers headed by Sidney Hillman, as general president. On or about the 26th day of December, 1914, another convention was held in the city of New York by the various local unions which had recognized the group of officers headed by Sidney Hillman, as general president, in conjunction with another national labor union known as the Journeymen Tailors' Union of America, and the two local unions involved in these actions sent delegates to this convention. This convention decided to consolidate with the Journeymen Tailors' Union of America and to adopt the name of Amalgamated Clothing Workers of America. After this convention, the association, of which the defendants in the first action were officers and trustees, held a meeting on January 6th, 1915, at which about four hundred members attended out of a total membership of twenty-five hundred, and the association, of which the defendants named in the second action are officers and trustees, held a meeting on January 16th, 1915, at which about seven hundred members attended out of a total membership of three thousand, and at each of the said meetings of said respective associations the local unions ratified by unanimous vote the action of the convention held December 26th, 1914, and the adoption of the name Amalgamated Clothing Workers of America.

That at each of the said meetings a communication was delivered to the secretary of the respective local unions, which communication was signed by the several members of the said local unions, setting forth what is now claimed to be an objection to the action taken at the said meeting, but there is nothing in the record to show that any of the subscribers of the said communication attended said meeting or voted, or attempted to vote, in opposition to the resolution adopted. The said subscribers thereupon talked with a few other members of the said local unions and seceded from the said local unions and attempted to set up rival organizations, claiming to be the original unions. That in the case of the Basters' Branch, Loan Local Union, No. 3, involved in the first action, the number of said seceders asso-

ciated with said subscribers and with the complainants in said action were about eighty, while the number of members upholding the original union, represented by the defendants, amounted to at least one thousand. In the case of the Basters' and Tailors' Branch of the United Brotherhood of Tailors', Local Union, No. 2, involved in the second action, the number of such seceders associated with said subscribers, and with the complainants in said action, were about one hundred and twenty-five, while the number of members upholding the original local union represented by the defendants amounted to at least fifteen hundred. That the said large majorities represented by the defendants in these two actions included all of the officers and trustees of the said respective local unions who have continued to hold the same offices theretofore held by them.

It appeared clear to me from the evidence that the claims presented by the complainant were those of a very small minority of a voluntary unincorporated association or labor union, and, being dissatisfied with a certain action of the members of the association, had attempted to set up a rival organization to claim the funds. The minority represented about four per cent. of the original membership. Upon the argument of this cause before the court it was urged, on behalf of this small minority, that because the supreme court of the State of New York had restrained the defendant organization from using the name of United Garment Workers of America, and the Rickert faction, to which the complainant organization adhered, had been permitted to retain the said name, that therefore this small minority membership of the local unions constituted the real and true organization and were entitled to the funds.

The case of *Altman* v. *Benz, 27 N. J. Eq. 331,* complainants contended, was dispositive herein. I cannot see how, under any view of the case, that the funds involved in this dispute were trust funds within the meaning of the decision in *Altman* v. *Benz.* If these funds can be called trust funds at all, then the said trust is for the benefit only of the members of the local unions as they represented a net surplus which belongs to the local union and upon which the national union had no claims. The funds represented a net accumulation of the contributions

paid by the members of the respective local unions after deducting therefrom all initiation fees, *per capita* taxes and other charges which had been paid to the national body, and also all the expenses of the local union itself. Furthermore, the organizations now before the court are labor unions whose principal objects are the amelioration of working conditions. The payment of sick benefits is merely a non-essential purpose of the local unions. In the case in hand, the United Garment Workers of America, which is not a party to these proceedings, was not the parent organization of the two local unions involved in this issue. The two local unions were formed prior to the organization of the United Garment Workers of America.

The views expressed by the court in the case of *State Council* v. *Enterprise Council, 75 N. J. Eq. 247,* can properly be applied to this case. There the court held that the relation between the national council, state council and the subordinate councils are purely voluntary and may be severed at any time, the subordinate councils having an independent existence.

The bills in these cases must be dismissed and the defendants be awarded the funds on deposit in the Jersey City bank.